# Exhibit 2

# Erin Green

| | |
|---|---|
| **From:** | Lopez, Roberto (USATXS) <Roberto.Lopez2@usdoj.gov> |
| **Sent:** | Tuesday, October 20, 2020 1:17 PM |
| **To:** | Jason Davis; alejandro@ballesteroslaw.com |
| **Subject:** | Trejo |

[This message came from the outside. Do not click links or open attachments unless you know the content is safe.]

> Jason,
>
> See below.  Also, I discussed with Alex entering into a protective order to reduce the dissemination of materials to other parties in light of ongoing investigations to which he agreed. If you are not in agreement, please also let me know so that we can get the matter before the court.  Again if the concern is the motions deadline, please let me know as I would be unopposed to an extension of the deadline. In addition, I tried calling you but was told you were unavailable, but you can reach me at (956)424-2823.
>
> 1 - It will be provided in discovery.
> 2 - The indictment charges a money laundering sting.  At this point, that is the relevant charge.  Any other bribe(s) paid by Trejo, if any, may be the subject of superseding charges or a 404(b) notice.  Absent those concerns, if there is other case law that you feel entitles you to discovery on for conduct that is not charged and at this point is not being sought to be introduced into evidence please let me know the case law you are relying on so that I may evaluate it.
> 3 - Again, see the response to paragraph 2.
> 4 - At this time, the Government does not plan to introduce any 404(b) evidence as it may frustrate or impede other ongoing investigations.  If that should change we will provide you with reasonable notice as the rules provide.
> 5 - I do not anticipate any expert testimony, other than perhaps cell phone extraction evidence at this time.  I will provide you with that information should the need arise to utilize such evidence.
> 6 - There are no Title III intercepts related to Trejo in connection with this investigation.
> 7/8.  I believe the recordings relating to this investigation of Mr. Trejo have already been provided.  I do not believe that you represent the business entities, but if so please also let me know so that I can evaluate whether there are any other conflicts of interest that may exist as I discussed this with Alex even at the time that we served the Grand jury subpoenas.  Moreover, to the extent, any recordings of such entities or individuals exist, absent their existence as Brady or Rule 16 evidence, I do not see a basis that entitles you to said recordings.
> 9. As related to the Indictment, please see the response to paragraph 2 and 3.  As charged in the indictment this was a money laundering sting that involves proceeds represented to be involved in an SUA.  As to the charge contained in the indictment, there was no bribe paid.  However, as discussed with Alex, there is historical information that will be made available and there are ongoing investigations that are not currently charged.
> 10.  In regards to the charged conduct, that information will be provided in discovery and in fact I believe was provided months ago out of courtesy to Alex.
> 11.  Absent Brady evidence, any such information would be Jencks or
> impeachment at best and will be provided at the appropriate time.  See US v. Ruiz, 536 US 622 (2002) 12.  See 11 above, the disclosure of such information is not required at this time as it would likely at best be impeachment information.
> 13-15.  In relation to the charged conduct, Agents reports will be included in discovery.  In relation to internal agency documentation, I am not sure what you are requesting.
> 16-17.  See 11 and 12 above.
> 18.  See 11 and 12 above.  However, any Brady and constitutionally or statutorily required information will be provided in accordance with the rules.
> 19.  In relation to this matter, I believe the only affidavit was the affidavit related to the search warrant at the time of the transaction, which will obviously be provided in discovery.  At this point in time, the Government has no other

evidence that it will seek to introduce that has been obtained from a search warrant from which Mr. Trejo would have standing and/or would be related to the offense as charged.
> 20.  All discoverable information will be provided.
> 21.  I am not aware of any obligation to provide any grand jury testimony, in fact even Rule 16 expressly indicates that it does not cover grand jury proceedings.  However, to the extent you are requesting whether your client testified before grand jury in relation to this investigation, he did not.
> 22/23.  As stated previously, I intend to comply with all Brady and Giglio obligations.
> 24.   This is not part of the charged conduct.  However, you will see references to it within the discovery.
> 25.   This is not part of the charged conduct.
>
> The primary concern with your requests is that it is not limited to the charged conduct.  While Trejo may be under investigation for other conduct or schemes those investigations may still be ongoing and are in any event unrelated to the charged conduct and not discoverable.  Moreover, while you may be entitled to some of the information requested should this proceed to trial, I see no statutory or constitutional obligation that requires an early disclosure.
>
> Thanks,
>
> Bobby Lopez
>